UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:16-CV-704

| MICHAEL BARNES, | COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT, THE NORTH CAROLINA COLLECTION AGENCY ACT, AND OTHER EQUITABLE RELIEF |
|---|---|
| Plaintiff, | |
| v. | |
| I. C. SYSTEM, INC. | |
| Defendant. | JURY TRIAL DEMANDED |

## PARTIES

1. Plaintiff, Michael Barnes ("Michael"), is a natural person who resided in Charlotte, North Carolina, at all times relevant to this action.

2. Defendant, I. C. System, Inc. ("I. C. System" or "Defendant"), is a Minnesota Corporation that maintained its principal place of business in St. Paul, Minnesota, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Michael's claims under the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-1, et seq., because those claims share a common nucleus of operative facts with Steven's claims under the FDCPA. S*ee Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385 (4th Cir. 2014) (in FDCPA case, supplemental jurisdiction exercised over claims under NCCAA).

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. Before Defendant began contacting Plaintiff, it and Plaintiff had no prior business relationship and Plaintiff had never provided express consent to Defendant to be contacted on his/her cellular telephone.

7. Defendant regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. As described, *infra*, Defendant contacted Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Around April 2016, Defendant began calling Plaintiff on his cellular phone ending in -7515 in connection with the collection of a debt.

14. On one occasion, Plaintiff advised Defendant that Plaintiff was at work.

15. In response, Defendant asked if there was a more convenient time at which Defendant could call Plaintiff.

16. Plaintiff replied that he never wanted Defendant to call him.

17. In so doing, Plaintiff communicated his desire that Defendant cease calling him altogether.

18. Notwithstanding this communication, Defendant continued to call Plaintiff on his cellular phone ending in -7515 in connection with the collection of a debt.

19. On at least one more occasion, Michael communicated his desire that Defendant cease calling him.

20. Nevertheless, Defendant continued to call Plaintiff on his cellular phone ending in -7515 in connection with the collection of a debt.

21. Defendant's collection efforts, including but not limited to its telephone calls, caused Plaintiff emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

22. Defendant's collection efforts also intruded upon Plaintiff's privacy.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls at that telephone number while Defendant was calling him.

24. Defendant's telephone calls also forced Plaintiff to lose time by having to tend to Defendant's unwanted calls.

25. Defendant is a "Collection Agency" pursuant to N.C. Gen. Stat § 58-70-90(1) because it is a collection agency as defined in N. C. Gen. Stat. 58-70-15 which engages, directly or indirectly, in debt collection from a consumer.

26. Plaintiff is a "Consumer" pursuant to N.C. Gen. Stat § 58-70-90(2) because he is an individual that has incurred a debt or alleged debt.

27. The alleged debt which is the subject of this complaint is a "Debt" pursuant to N.C. Gen. Stat § 58-70-90(3) because it was an obligation owed or due or alleged to be owed or due from a consumer.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

29. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

30. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

31. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

32. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

### COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

34. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT THREE

**Violation of the Telephone Consumer Protection Act**

35. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 27 above as if fully set forth herein.

36. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

    > Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

    137 Cong. Rec. 30,821 (1991).

37. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

38. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

39. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18

F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

40. Defendant used a predictive dialer to place calls to Plaintiff's cellular phone.

41. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *
>>>
>>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…
>
> 47 U.S.C. §§ 227(b)(1)(A)(iii).

42. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

43. Plaintiff was the "called party" in each telephone call Defendant placed to Plaintiff's cellular telephone.

44. The "called party" may revoke any prior consent to be called on his or her cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

45. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on HIS cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

46. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

47. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

48. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v.*

*Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

49. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

50. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

51. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## COUNT FOUR

### Violations of the North Carolina Collection Agency Act

52. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 24 above as if fully set forth herein.

53. Defendant willingly and knowingly violated N.C. Gen. Stat. § 58-70-100 by engaging in conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the collection of a debt.

54. Defendant willingly and knowingly violated N.C. Gen. Stat. § 58-70-115 by attempting to collect a debt by use of an unfair practice.

55. Defendant's violations of the NCCAA caused Plaintiff to incur damages.

56. Pursuant to N.C. Gen. Stat. § 58-70-130, Defendant's violations of the NCCAA entitle Plaintiff to a civil penalty in the amount of $500 to $4,000 for each violation, in addition to the actual damages Plaintiff sustained as a result of Defendant's violations of the NCCAA.

57. Pursuant to N.C. Gen. Stat. § 58-70-130, Defendant's violations of the NCCAA also constitute unfair or deceptive acts or practices proscribed by N.C. Gen. Stat. § 75-1.1, which entitle Plaintiff to recover his reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1.

## JURY DEMAND

58. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

59. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. Judgment against Defendant for actual damages and a civil penalty pursuant to N.C. Gen. Stat. § 58-70-130.

    e. Judgment against Defendant for reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1.

    f. For such other legal and/or equitable relief as the Court deems appropriate.

**TODAY** is October 7, 2016.

RESPECTFULLY SUBMITTED,

COLLUM & PERRY

By: /s/ *M. Shane Perry*

*One of Plaintiff's Attorneys*

M. Shane Perry
NC Bar No. 35498
109 W. Statesville Avenue
Mooresville, North Carolina 28115
(P) (704) 663-4187
(E) shane@collumperry.com